Nicole M. Harvey, Esq. (SBN 11147)
Harvey Law Firm, PLLC
515 Court Street, Reno, Nevada 89501
T: (775) 359-2211  F: (775) 284-0468
Nicole@NicoleHarvey.com
*Attorney for Anthony Calcagno*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

ANTHONY CALCAGNO,

    Plaintiff,

vs.

GAMING ENTERTAINMENT (NEVADA), LLC, FULL HOUSE RESORTS, INC., RICK MARRICK,

    Defendants.

Case No.:   3:13-cv-00259-RCJ-VPC

**FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, Anthony Calcagno, by and through his counsel undersigned, and for his First Amended Complaint against Defendants, alleges and avers as follows:

**PARTIES, JURISDICTION, VENUE**

1.    Anthony Calcagno ("Mr. Calcagno") filed his initial Complaint in this matter on May 20, 2013.

2.    Defendants filed and served their Motion to Dismiss on June 20, 2013.

3.    FRCP 15(a)(1)(B) allows a Plaintiff to amend their complaint once as a matter of course within 21 days after service of a motion under FRCP 12(b); Mr. Calcagno files this Amended Complaint in accordance with that rule.

4.    Mr. Calcagno is, and at all relevant times, was a resident of Washoe County, Nevada.

5.    Defendant Full House Resorts, Inc. ("FHR") is a foreign corporation registered to do

business in Nevada.

6. Defendant Gaming Entertainment (Nevada), LLC ("GEN") is a Nevada limited liability company.

7. Defendant Rick Marrick is an employee of Defendants GEN and/or FHI, and was Mr. Calcagno's direct supervisor at all relevant times, and upon information and belief, is a resident of the State of Nevada.

8. This is an employment discrimination action brought by Anthony Calcagno to recover damages against Defendants for the violation of his rights under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e et. seq. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq. ("ADEA"), as well as related state law claims.

9. Jurisdiction over Mr. Calcagno's Title VII claim is conferred by 42 U.S.C. §2000e-5(f)(3). Jurisdiction over his ADEA claim is conferred by 29 U.S.C. §626(c)(1). Supplemental jurisdiction over his related state law claims is conferred by 29 U.S.C. §1367(a).

10. Venue is proper in this district pursuant to the general venue statute, 28 U.S.C. §1391, and under Title VII's special venue statute, 42 U.S.C. §2000e-5(f)(3).

**FACTS**

11. Mr. Calcagno worked at the Hyatt Lake Tahoe as a 21 dealer before Defendants began owning and operating the casino.

12. At all relevant times, Mr. Calcagno was over the age of forty (40).

13. Mr. Calcagno self identifies as "Caucasian".

14. After GEN and FHR began operating the Hyatt property, several card dealers over the age of forty (40) were systematically terminated from employment and replaced with younger workers.

15. Younger workers were typically given preferential treatment by Defendants in various aspects of the terms and conditions of employment.

2

16. After GEN and FHR began operating the Hyatt property, several Hispanic employees were hired to work at the Hyatt.

17. Hispanic workers were typically given preferential treatment by Defendants in various aspects of the terms and conditions of employment.

18. On or about December 27, 2011, Mr. Calcagno arrived at work for his shift.

19. Upon arrival at the Hyatt, Mr. Calcagno went to the employee cafeteria to eat before his shift began.

20. While getting his meal, Mr. Calcagno asked a cafeteria worker (who, upon information and belief, is Hispanic) for salad dressing, and the worker refused to give him dressing.

21. Mr. Calcagno left the cafeteria without eating, and remarked to another dealer in the cafeteria that the worker was being lazy, and was not doing her job.

22. Mr. Calcagno left the cafeteria and went to his assigned table where he dealt cards approximately twenty minutes.

23. Shortly after he began work, Mr. Calcagno was suspended pending an investigation into what he said to the cafeteria worker.

24. Two days later, Mr. Calcagno was contacted by Rick Marrick, who asked Mr. Calcagno to meet him at the Hyatt that afternoon.

25. When Mr. Calcagno arrived, he met with Mr. Marrick and Defendants' HR representative, Kat Smith.

26. Mr. Marrick and Ms. Smith could not tell Mr. Calcagno what he allegedly said to the cafeteria worker.

27. Mr. Marrick and Ms. Smith did not confirm speaking with any of Mr. Calcagno's witnesses present in the cafeteria.

28. Ms. Smith provided Mr. Calcagno with his final paycheck, handwritten and without any information regarding deductions.

3

29. Mr. Calcagno was instructed to "never step foot in the Hyatt again."

30. Mr. Calcagno did not receive any other documentation at the termination meeting.

31. Prior to the termination meeting, Mr. Calcagno had no adverse employment actions; no write ups, suspensions or counseling for poor performance.

32. Mr. Calcagno submitted his claims to the Nevada Equal Rights Commission, which investigated the matter.

33. Mr. Calcagno received a "Right to Sue" letter on February 21, 2013, a copy of which is attached to Mr. Calcagno's initial Complaint.

34. For eighteen months following his termination, and despite his best efforts, Mr. Calcagno was unable to obtain employment with any other casinos in Northern Nevada.

35. In one particular interview, the interviewer asked Mr. Calcagno details of his history with the Hyatt and the underlying dispute, even though this case had not been filed, and no public records existed at the time regarding any such dispute.

36. Upon information and belief, Defendants intentionally prevented Mr. Calcagno's employment as a card dealer.

37. Upon information and belief, Mr. Calcagno's prospective employers contacted Defendants regarding Mr. Calcagno.

38. Upon information and belief, Defendants intended to harm Mr. Calcagno by preventing him from having an employment relationship.

39. Upon information and belief, in the process of preventing his employment, Defendants defamed Mr. Calcagno's character and abilities with respect to his profession to third parties.

40. Defendants had no privilege or justification for such defamatory statements, or for preventing Mr. Calcagno's employment.

41. As a result of Defendants' actions, Mr. Calcagno was unemployed for approximately

eighteen (18) months.

42. As a result of Defendants' actions, Mr. Calcagno suffered emotional distress, manifested by severe and significant physical illness and injury.

## CAUSES OF ACTION

### First Cause of Action
### Age Discrimination (ADEA)

1. Plaintiff incorporates paragraphs 1 through 42 as though fully set forth herein.

2. Mr. Calcagno was a member of a protected age group;

3. Mr. Calcagno was performing his job satisfactorily;

4. Mr. Calcagno suffered an adverse employment action; and

5. Substantially younger employees were treated more favorably, raising an inference of age discrimination.

6. Mr. Calcagno has suffered damages as a result of Defendants' actions.

### Second Cause of Action
### Defamation

1. Plaintiff incorporates paragraphs 1 through 42 as though fully set forth herein.

2. Defendants made false and a defamatory statements concerning Mr. Calcagno;

3. An unprivileged publication of this statement was made to a third person;

4. Defendants were at least negligent in making the statement;

5. Plaintiff sustained actual and presumed damages as a result of the statement.

### Third Cause of Action
### Negligent Infliction of Emotional Distress (Direct Theory)

1. Plaintiff incorporates paragraphs 1 through 42 as though fully set forth herein.

2. Defendants owed several duties of care to Mr. Calcagno; to adhere to the Age Discrimination in Employment Act; not to defame him, and; to adhere to Nevada employment law, as it applies to the prohibition of blacklisting and preventing employment.

3. Defendants breached these duties.

4. The breach was the legal cause of Mr. Calcagno's physical illness and injury.

5. Mr. Calcagno suffered serious emotional distress.

### Fourth Cause of Action
### Title VII

1. Plaintiff incorporates paragraphs 1 through 42 as though fully set forth herein.

2. Defendants terminated Mr. Calcagno's employment on account of his national origin and thereby violated his right to equal employment opportunity as protected by Title VII.

3. Mr. Calcagno suffered damages as a result of Defendants' conduct.

### Fifth Cause of Action
### Intentional Interference with Prospective Economic Advantage

1. Plaintiff incorporates paragraphs 1 through 42 as though fully set forth herein.

2. Prospective contractual relationships existed between Mr. Calcagno and third parties;

3. Defendants knew of these prospective relationships when third parties contacted Defendants to verify information about Mr. Calcagno;

4. Defendants intended to harm Mr. Calcagno by preventing the relationship;

5. Defendants had no privilege or justification; and

6. Defendants' conduct resulted in actual harm to Mr. Calcagno.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Calcagno respectfully requests the Court to enter judgment in his favor and against Defendants, and to accord him the following relief:

(a) Back pay with prejudgment interest and all the fringe benefits to which he is entitled;

(b) Front pay and benefits;

(c) Compensatory damages for his non-economic injuries in an amount authorized by Title VII;

(d) Punitive damages to punish and deter Defendants from future acts of employment

discrimination in an amount authorized by Title VII;

(e) Liquidated damages in an amount equal to twice Mr. Calcagno's back pay losses as authorized by the ADEA;

(f) Compensatory damages;

(g) Presumed damages for defamation;

(h) An award of reasonable attorney fees and costs to compensate Mr. Calcagno for having to prosecute this action against Defendants; and

(i) Such other legal and equitable relief or may be just and proper under the circumstances.

**JURY DEMAND**

Mr. Calcagno demands a trial by jury on all the issues in this action that are triable by law.

DATED this 8th day of July, 2013.

HARVEY LAW FIRM

*/s/ Nicole M. Harvey, Esq.*
Nicole M. Harvey, Esq. (SBN 11147)
Harvey Law Firm, PLLC
515 Court Street, Reno, Nevada 89501
T: (775) 359-2211  F: (775) 284-0468
Nicole@NicoleHarvey.com
*Attorney for Anthony Calcagno*

# CERTIFICATE OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 515 Court Street, Reno, Nevada 89501. On the 8th day of July 2013, I served the within document(s):

*First Amended Complaint*

**BY ELECTRONIC MEANS:** by transmitting via electronic means the document(s) listed above via the Court's CM/ECF electronic filing system.

Deverie J. Christensen
Jessica M. Goodey
Jackson Lewis LLP
3800 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

I declare under penalty of perjury under the laws of the State of Nevada that the above is true and correct.

Executed on this 8th day of July, 2013.

      */s/ Nicole M. Harvey, Esq.*
*An Employee of Harvey Law Firm, PLLC*