1

2

3

4

5

6                      **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8   ANTHONY CALCAGNO,                    )
                                          )
9            Plaintiff,                    )
                                          )
10           v.                            )        3:13-cv-259-RCJ-VPC
                                          )
11  GAMING ENTERTAINMENT (NEVADA)        )        **ORDER**
    LLC, FULL HOUSE RESORTS, INC., RICK  )
12  MARRICK                              )
                                          )
13           Defendants.                   )
                                          )
14  _____      )

15          Currently before the Court are Full House Resorts, Inc.'s Motion to Dismiss Plaintiff's

16  Complaint (#4) and Full House Resorts, Inc.'s Renewed Motion to Dismiss Defendant Full

17  House Resorts, Inc. and Plaintiff's Fourth Claim for Relief (#11).

18                              **BACKGROUND**

19  **I.    Procedural History**

20          On May 20, 2013, then *pro se* Plaintiff Anthony Calcagno filed a complaint against

21  Grand Lodge Casino-Full House Resorts, Inc. and Rick Marrick. (Compl. (#1) at 1).  On June

22  20, 2013, Full House Resorts, Inc. filed a motion to dismiss the complaint and indicated that

23  they were erroneously sued as "Grand Lodge Casino-Full House Resorts Inc.."  (Mot. to

24  Dismiss (#4) at 1).

25          On July 8, 2013, Plaintiff, now counseled, filed a First Amended Complaint ("FAC")

26  against Defendants Gaming Entertainment (Nevada), LLC; Full House Resorts, Inc.; and Rick

27  Marrick.  (FAC (#9) at 1).  On July 22, 2013 Defendant Full House Resorts, Inc. filed a

28

1    renewed motion to dismiss the FAC.[1]  (Renewed Mot. to Dismiss (#11) at 1).

2    **II.    First Amended Complaint ("FAC")**

3         In the FAC, Plaintiff sued Defendants Gaming Entertainment (Nevada), LLC ("GEN");

4    Full House Resorts, Inc. ("FHR"); and Rick Marrick (collectively "Defendants").  (FAC (#9) at

5    1).  Plaintiff alleged the following.  (*Id.* at 2).  Rick Marrick, Plaintiff's direct supervisor, was an

6    employee of GEN and/or FHR.  (*Id.*).  Plaintiff had worked at the Hyatt Lake Tahoe as a 21

7    dealer before GEN and FHR began owning and operating the casino.  (*Id.*).  Plaintiff was over

8    the age of 40 years old and was Caucasian.  (*Id.*).  After GEN and FHR began operating the

9    Hyatt, several card dealers over the age of 40 years old had been "systematically terminated

10   from employment and replaced with younger workers."  (*Id.*).  "Younger workers were typically

11   given preferential treatment by Defendants in various aspects of the terms and conditions of

12   employment."  (*Id.*).

13        The FAC alleged the following.  (*Id.* at 3).  After GEN and FHR began operating the

14   Hyatt, several Hispanic employees were hired to work there and were "typically given

15   preferential treatment by Defendants in various aspects of the terms and conditions of

16   employment."  (*Id.*).  On December 27, 2011, Plaintiff arrived at work and went to eat in the

17   employee cafeteria before his shift began.  (*Id.*).  While getting his meal, he asked the

18   Hispanic cafeteria worker for salad dressing and the cafeteria worker refused.  (*Id.*).  Plaintiff

19   left the cafeteria without eating and "remarked to another dealer in the cafeteria that the

20   worker was being lazy, and was not doing her job."  (*Id.*).  Plaintiff went to his assigned table

21   and dealt cards for approximately 20 minutes before being suspended pending an

22   investigation into what he had said to the cafeteria worker.  (*Id.*).

23        The FAC alleged the following.  (*Id.*).  Two days later, Defendant Rick Marrick contacted

24   Plaintiff and asked Plaintiff to meet with him that afternoon at the Hyatt.  (*Id.* ).  At the meeting,

25   Marrick and the human resources representative, Kat Smith, were unable to tell Plaintiff what

26

27   ───────────────
28        [1]  In light of the FAC and Defendant Full House Resorts, Inc.'s renewed motion to dismiss the FAC, this Court denies Defendant Full House Resorts, Inc.'s motion to dismiss the original complaint (#4) as moot.

1   he allegedly said to the cafeteria worker.  (*Id.*).  Marrick and Smith "did not confirm speaking

2   with any of [Plaintiff's] witnesses present in the cafeteria."  (*Id.*).  Smith provided Plaintiff with

3   his final paycheck which was handwritten and without any information regarding his

4   deductions.  (*Id.*).  Plaintiff was instructed to "never step foot in the Hyatt again" and did not

5   receive any other documentation at the termination meeting.  (*Id.* at 4).  Prior to his termination

6   meeting, Plaintiff had no adverse employment actions, write ups, suspensions, or counseling

7   for poor performance.  (*Id.*).

8       The FAC alleged the following.  (*Id.*).  Plaintiff filed a claim with the Nevada Equal

9   Rights Commission ("NERC") and received a right to sue letter on February 21, 2013.  (*Id.*).

10  Plaintiff was unable to find employment in any other Northern Nevada casinos for 18 months.

11  (*Id.*).  In one of Plaintiff's job interviews, the interviewer asked Plaintiff for the details of his

12  history with the Hyatt and the underlying dispute, although Plaintiff had not yet filed his case

13  and there were no public records about the dispute.  (*Id.*).  Plaintiff believed that Defendants

14  had intentionally prevented his employment as a dealer when prospective employers

15  contacted them.  (*Id.*).  Plaintiff believed that, in the process of preventing his employment,

16  Defendants had defamed his character and abilities.  (*Id.*).

17      The FAC alleged five causes of action.  (*Id.* at 5-6).  In the first cause of action, Plaintiff

18  alleged age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

19  (*Id.* at 5).  In the second cause of action, Plaintiff alleged defamation.  (*Id.*).  In the third cause

20  of action, Plaintiff alleged negligent infliction of emotional distress (direct theory).  (*Id.*).  In the

21  fourth cause of action, Plaintiff alleged a violation of Title VII of the 1964 Civil Rights Act based

22  on national origin.  (*Id.* at 6).  In the fifth cause of action, Plaintiff alleged intentional

23  interference with prospective economic advantage.  (*Id.*).

24      The pending motion now follows.

25                              **LEGAL STANDARD**

26      When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court

27  must accept as true all factual allegations in the complaint as well as all reasonable inferences

28  that may be drawn from such allegations.  *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th

1    Cir. 2000).  Such allegations must be construed in the light most favorable to the nonmoving

2    party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  In general, the court

3    should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion

4    to dismiss.  However, the court may consider documents attached to the complaint or referred

5    to in the complaint whose authenticity no party questions.  *Id.*; *see Durning v. First Boston*

6    *Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

7           The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a

8    claim is to test the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th

9    Cir. 2001).  The issue is not whether a plaintiff will ultimately prevail but whether the claimant

10   is entitled to offer evidence to support the claims.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,

11   249 (9th Cir. 1997) (quotations omitted).  To avoid a Rule 12(b)(6) dismissal, a complaint does

12   not need detailed factual allegations;  rather, it must plead "enough facts to state a claim to

13   relief that is plausible on its face."  *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022

14   (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

15   1964, 167 L.Ed.2d 929 (2007));  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949,

16   173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads

17   factual content that allows the court to draw the reasonable inference that the defendant is

18   liable for the misconduct alleged").  Even though a complaint does not need "detailed factual

19   allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be

20   enough to raise a right to relief above the speculative level . . . on the assumption that all the

21   allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555, 127

22   S.Ct. at 1965.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

23   elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.  "Nor

24   does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

25   enhancements.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

26          If the court grants a motion to dismiss a complaint, it must then decide whether to grant

27   leave to amend.  The court should "freely give" leave to amend when there is no "undue delay,

28   bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party

4

1
2
3
4
5

by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

6

**DISCUSSION**

7
8
9
10
11
12
13
14
15
16
17

In its renewed motion to dismiss, FHR seeks to dismiss all claims against it and to dismiss the fourth cause of action for Title VII discrimination for failure to exhaust administrative remedies. (Renewed Mot. to Dismiss (#11) at 1). FHR argues that it must be dismissed from the case because the FAC does not allege that Plaintiff was employed by FHR. (*Id.* at 3). FHR asserts that GEN was Plaintiff's employer. (*Id.*). FHR asserts that it is the sole member of GEN but that GEN maintains a separate legal existence from FHR. (*Id.* at 4). FHR contends that there is nothing in the FAC that would pass GEN's liability, if any, to FHR. (*Id.*). FHR also asserts that Plaintiff failed to file a charge with the Equal Employment Opportunity Commission ("EEOC") or NERC within 300 days of his termination under Title VII and, thus, he failed to exhaust his administrative remedies and is barred from filing this claim. (*Id.*).

18
19
20
21
22
23
24

In support of the motion to dismiss, FHR attaches the declaration of Mark Miller, FHR's Chief Operating Officer. (Miller Decl. (#11) at 9). Miller declared the following. (*Id.*). FHR was a Delaware corporation licensed to do business in Nevada. (*Id.*). There is no entity named "Grand Lodge-Full Resorts, Inc." or "Grand Lodge/Full House Resorts." (*Id.*). FHR was the sole member of Gaming Entertainment (Nevada) LLC ("GEN"). (*Id.*). GEN, which did business as Grand Lodge Casino, maintained a separate legal existence from FHR. (*Id.*). At all relevant times, GEN was Plaintiff's employer. (*Id.*). FHR never employed Plaintiff. (*Id.*).

25
26
27

FHR also attached a copy of Plaintiff's NERC charge of discrimination. (Charge of Discrimination (#11) at 11). In his charge of discrimination, Plaintiff named his employer as "Grand Lodge Casino/Full House Resorts, Inc." and alleged age discrimination only. (*Id.*).

28

In response, Plaintiff filed a notice of voluntary dismissal of his fourth cause of action

1     for Title VII discrimination without prejudice.  (Notice of Voluntary Dismissal (#14) at 1).

2     Plaintiff argues that FHR "may be liable for [Plaintiff's] wrongful termination under a joint

3     employment theory of liability."  (Resp. to Renewed Mot. to Dismiss (#15) at 2).  Plaintiff

4     argues that FHR is his employer because his right to sue letter states that he could sue "Grand

5     Lodge Casino-Full House Resorts, Inc."  (*Id.* at 3).  Plaintiff argues that FHR is likely his joint

6     employer and lists 16 factors that are considered in making that determination.  (*Id.* at 3-4).

7     Plaintiff admits that GEN paid him for his work and was his employer but asserts that FHR

8     managed the workplace.  (*Id.* at 4).  Plaintiff seeks leave to amend the complaint.  (*Id.*).

9          In reply, FHR asserts that Plaintiff makes unsupported, conclusory allegations that FHR

10    and GEN were Plaintiff's joint employers.  (Reply to Renewed Mot. to Dismiss (#16) at 1).

11    FHR asserts that the Ninth Circuit uses the economic realities test to determine whether there

12    was a joint employer relationship and notes that Plaintiff cannot satisfy any of the factors to

13    establish a joint employer.  (*Id.* at 2-3).  FHR acknowledges that Plaintiff voluntarily withdrew

14    the fourth cause of action and notes that the Court no longer need to consider its request to

15    dismiss it.  (*Id.* at 2 n.1).

16         As an initial matter, the Court finds that FHR's renewed motion to dismiss the fourth

17    cause of action against all Defendants is denied as moot in light of Plaintiff's voluntary

18    dismissal of that claim.

19         With respect to the joint employer issue, the parties acknowledge that GEN admits that

20    it was Plaintiff's employer.  Thus, if FHR was not Plaintiff's employer it should be dismissed

21    from this case.  In his response to the renewed motion to dismiss, Plaintiff attempts to keep

22    FHR in the case by alleging that FHR is a joint employer with GEN.  Plaintiff acknowledges

23    that there are 16 factors that he must apply to establish that FHR is a joint employer.  (*See*

24    Resp. to Mot. to Dismiss (#15) at 3-4).  However, Plaintiff does not attempt to allege how these

25    factors apply to FHR and GEN other than to say that GEN paid Plaintiff and was Plaintiff's

26    employer but FHR managed Plaintiff's workplace.  The Court finds that this is insufficient to

27    allege that GEN and FHR were joint employers.  As such, the Court grants FHR's motion to

28    dismiss all claims against it because Plaintiff fails to sufficiently allege that FHR was his

employer.  However, the Court grants Plaintiff leave to amend.  Plaintiff has 20 days from the date of this order to file a second amended complaint.  Accordingly, FHR's renewed motion to dismiss is DENIED as MOOT in part and GRANTED in part.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendant Full House Resorts, Inc.'s Motion to Dismiss Plaintiff's Complaint (#4) is DENIED as MOOT.

IT IS FURTHER ORDERED that Full House Resorts, Inc.'s Renewed Motion to Dismiss Defendant Full House Resorts, Inc. and Plaintiff's Fourth Claim for Relief (#11) is DENIED as MOOT in part and GRANTED in part.  The Court DENIES as MOOT the motion to dismiss the fourth cause of action in light of Plaintiff's voluntary dismissal (#14) of that claim.  The Court GRANTS Defendant Full House Resorts, Inc.'s motion to dismiss with leave to amend. Plaintiff has 20 days from the date of this order to file a second amended complaint.

Dated this 16th day of December, 2013.

United States District Judge

7